[Cite as *State v. Bulger*, 2018-Ohio-5280.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


State of Ohio                                           Court of Appeals No. S-18-003

      Appellee                                        Trial Court Nos. 15 CR 1031
                                       15 CR 0729
v.                                                                                  15 CR 0930
                                       16 CR 1060

Travis Bulger

      Appellant                                       **DECISION AND JUDGMENT**

                                       Decided:  December 28, 2018

* * * * *

Mike DeWine, Ohio Attorney General, and Christopher L.
Kinsler, Assistant Attorney General, for appellee.

Derek A. Farmer, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This case arises from a December 14, 2016 judgment of the Sandusky

County Court of Common Pleas, sentencing appellant to a total term of incarceration of

11 years pursuant to a voluntary plea arrangement encompassing 44 drug trafficking

felony offenses. The plea deal further included separate pending felony cases of money laundering, trafficking in food stamps, and misuse of a credit card. No direct appeal was filed.

{¶ 2} On December 12, 2017, approximately one year after the deadline to pursue a direct appeal, appellant filed a motion for postconviction relief setting forth ineffective assistance of counsel and Crim.R. 11 claims.

{¶ 3} Such claims are properly within the purview of a direct appeal. The postconviction petition was accompanied by appellant's own, subjective affidavit, setting forth appellant's perceptions of the matter. On January 2, 2018, the petition was denied. This appeal ensued.

{¶ 4} For purposes of clarity, we restate appellant's assignment of error as standing for the proposition that the trial court erred in denying appellant's petition and in not conducting an evidentiary hearing.

{¶ 5} The following undisputed facts are relevant to this appeal. Appellant possesses an extensive criminal history, including multiple past felony drug convictions similarly occurring in the Sandusky County area.

{¶ 6} In the instant case, appellant was initially indicted on 51 felony drug trafficking offenses. These crimes were uncovered in the course of a multi-agency drug task force investigation triggered by worsening levels of heroin and cocaine trafficking in the Fremont area.

2.

{¶ 7} The investigation encompassed multiple facets, including wiretaps and search warrants. The investigation ultimately recovered a wealth of evidence reflecting appellant's persistent unlawful heroin and cocaine trafficking activities.

{¶ 8} At one property connected to appellant, in excess of 2.8 kg of cocaine and half of a kg of heroin were recovered during execution of the warrant. In addition, in excess of $200,000 in cash comprising the proceeds of unlawful drug activity were recovered from appellant's residence and safety deposit box.

{¶ 9} Notably, appellant was on community control for prior felony offenses at the time of the events underlying this case. In addition, of the 51 felony drug offenses on which appellant was indicted, six of the counts were major drug offender specification offenses, reflecting that those offenses involved appellant's possession of more than 250 grams of heroin and more than 100 grams of cocaine.

{¶ 10} On December 14, 2016, appellant's pending felony offenses were set for pretrial. Pursuant to an all-encompassing, voluntary plea arrangement initiated by the trial court, appellant pled guilty to 44 of the 51 pending felony charges, the remaining charges were merged or dismissed.

{¶ 11} In addition, the trial court agreed to incorporate three separate pending felony cases attributable to appellant, including money laundering, trafficking in food stamps, and misuse of a credit card.

{¶ 12} In exchange for the pleas to 47 felony offenses, appellant was sentenced to a total term of incarceration of 11 years. In terms quite favorable to appellant, all

3.

sentences on all charges were ordered to be served concurrently with one of the mandatory minimum sentences.  No direct appeal was filed.

{¶ 13} Approximately one year later, on December 12, 2017, appellant filed a motion for postconviction relief setting forth ineffective assistance of counsel and Crim.R. 11 claims.  Such claims are properly litigated on direct appeal.

{¶ 14} On January 2, 2018, the trial court denied the petition finding that appellant had set forth, "[I]ssues that could have been raised on appeal."  As such, the court concluded that it, "[N]eed not address the merits."  This appeal ensued.

{¶ 15} In appellant's sole assignment of error, appellant maintains that the trial court erred in denying the petition for postconviction relief and in not holding an evidentiary hearing.  We do not concur.

{¶ 16} It is well-established that a trial court determination in granting or denying a petition for postconviction relief is reviewed pursuant to the abuse of discretion standard of appellate court review.  An abuse of discretion requires more than a mere error of law or judgment.  It requires a determination that the disputed trial court action was unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17} In conjunction with the above, it is well-established in Ohio jurisprudence that the doctrine of res judicata constitutes a substantial restriction on the scope of postconviction relief.

4.

{¶ 18} Res judicata bars a convicted defendant-appellant who was represented by counsel from raising and litigating in any proceeding except upon direct appeal from that judgment any defense or claimed lack of due process that could have been raised by the defendant on direct appeal from that judgment. *State v. Tolliver*, 10th Dist. Franklin No. 14AP-170, 2014-Ohio-4824, ¶ 19.

{¶ 19} In addition, controlling precedent establishes that a petitioner for postconviction relief is not automatically titled to an evidentiary hearing. It is well within the discretion of the trial court to deny an evidentiary hearing when the petition, supporting documents, and record of evidence do not demonstrate operative facts sufficient to establish grounds for relief. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus.

{¶ 20} In applying the above-described governing principles to this case, the record reflects that appellant was represented by counsel throughout this matter. The record further reflects that no direct appeal was filed. In addition, the record shows nothing in support of appellant's petition beyond appellant's own self-serving, immaterial affidavit.

{¶ 21} Given these facts and circumstances, we find that appellant was barred by res judicata from raising the matters set forth in the postconviction petition. Regardless, we further find that the trial court was not presented with operative facts sufficient to establish grounds for relief so as to arguably mandate an evidentiary hearing.

**{¶ 22}** As such, the record contains no evidence demonstrating that the trial court's denial of the postconviction petition or the lack of an evidentiary hearing was arbitrary, unreasonable or unconscionable. We find appellant's assignment of error not well-taken.

**{¶ 23}** On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                       _____
                                                JUDGE

Arlene Singer, J.                               _____

Thomas J. Osowik, J.                           JUDGE
CONCUR.

                                                 _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.